UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      **"O"**      **JS-6**

| Case No. | 2:15-cv-1283-CAS(PJWx) | Date | June 1, 2015 |
|---|---|---|---|
| Title | UNICOLORS, INC. v. CHARLOTTE RUSSE, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Scott Burroughs | | Samuel Brooks |

**Proceedings:**      DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. No. 24, filed April 24, 2015)

## I.      INTRODUCTION

Plaintiff Unicolors, Inc. ("Unicolors") filed this lawsuit on February 23, 2015 against defendants Charlotte Russe, Inc. ("Charlotte Russe"); Amici Accessories, Ltd. ("Amici"); Rainbow USA, Inc., dba 579 Clothing ("Rainbow USA"); A'Gaci, LLC; YM LLC USA, dba Mandee; PG Wear Corp., dba Pretty Good; and Does 1 through 10.  The complaint alleges that defendants infringed Unicolors's copyrighted two-dimensional artwork used for textile printing (the "Subject Design") by manufacturing, distributing, and selling fabric and garments featuring an identical or substantially similar design. Unicolors alleges claims for copyright infringement and vicarious and/or contributory copyright infringement.  See generally Compl.  On April 23, 2015, Unicolors voluntarily dismissed all named defendants except for Charlotte Russe, Amici, and Rainbow USA, referred to collectively in this order as "movants."  Dkt. No. 23.

On April 24, 2015, movants filed a motion for summary judgment.  On May 11, 2015, Unicolors filed a notice of non-opposition.  Dkt. No. 21.  Movants filed a reply on May 18, 2015.  Dkt. No. 22.  On June 1, 2015, the Court held a hearing on the matter. After considering the parties' arguments, the Court finds and concludes as follows.

## II.      LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of identifying relevant portions of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       **"O"**    **JS-6**

| Case No. | 2:15-cv-1283-CAS(PJWx) | Date | June 1, 2015 |
|---|---|---|---|
| Title | UNICOLORS, INC. v. CHARLOTTE RUSSE, INC., ET AL. | | |

record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

    If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e).  The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit."  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324.  Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

    In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law.  See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987).  When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997).  Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue.  See Matsushita, 475 U.S. at 587.

**III.   ANALYSIS**

    To establish copyright infringement, a plaintiff must show that (1) she owns the allegedly infringed work, and (2) defendants copied protected expression from plaintiff's work without authorization.  Smith v. Jackson, 84 F.3d 1213, 1218 (9th Cir. 1996).  As to the first element, "the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and the facts stated in the certificate."  17 U.S.C. § 410(c).  However, because "[o]riginality is the indispensable prerequisite for copyrightability," the presumption of validity of a registered copyright "may be rebutted by a showing on the part of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         **"O"**   **JS-6**

| Case No. | 2:15-cv-1283-CAS(PJWx) | Date | June 1, 2015 |
|---|---|---|---|
| Title | UNICOLORS, INC. v. CHARLOTTE RUSSE, INC., ET AL. | | |

defendant that the plaintiff's work is not original." North Coast Indus. v. Jason Maxwell, Inc., 972 F.2d 1031, 1033 (9th Cir. 1992).

Here, Unicolors alleges that the Subject Design is registered under United States Registration Number VA-1-716-742, the certificate for which states that the work was created in 2009. Dkt. No. 24-4 Exs. 1–3. Movants submit that two designs "virtually identical" to the Subject Design are contained in a book entitled The Album of China Textile Patterns Vol. 13, which was published in 2007, before the creation of Unicolors's work. See Dkt. No. 24-2 ¶¶ 2–3 & Ex. 1. Thus, movants argue, "undisputed evidence establishes that the design which [Unicolors] claims to have created in 2009 was actually already published by a third party in 2007," so that Unicolors "cannot rely on the registration certificate to make out a prima facie case" and therefore cannot establish the first element of a copyright infringement claim. Dkt. No. 24-1 at 4.

Unicolors filed a notice of non-opposition in which it protests that movants filed their motion for summary judgment after Unicolors volunteered to dismiss this case, and failed to meet and confer or "provide Unicolors with enough time to investigate the claims." Dkt. No. 30 at 1. Unicolors also asserts that it believes it independently created the Subject Design, and has doubts about the "veracity" of the China Textile Patterns book. Id. at 2–3. But Unicolors submits no evidence in opposition to the motion, admits that it cannot identify the artist who supposedly created the work independently, and does not request more time to conduct discovery to oppose the motion pursuant to Federal Rule of Civil Procedure 56(d). Instead, Unicolors expressly consents to the granting of summary judgment. See id. at 4 ("Unicolors does not oppose the motion.").

In the absence of an opposition, the Court finds that movants have met their burden of identifying a lack of evidence supporting an essential element of plaintiff's claims—that is, their ownership of a valid copyright. Unicolors consents to the granting of the motion and does not offer evidence that creates a triable issue of fact on this element. Accordingly, the motion for summary judgment is GRANTED.[1]

---

[1]Movants failed to file a separate Statement of Uncontroverted Facts and Conclusions of Law as required by Local Rule 56-1, and Unicolors argues (but movants deny) that movants also failed to comply with the Local Rule's meet-and-confer provision before filing the instant motion. Although the parties are admonished to strictly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         **"O"**    **JS-6**

| Case No. | 2:15-cv-1283-CAS(PJWx) | Date | June 1, 2015 |
|---|---|---|---|
| Title | UNICOLORS, INC. v. CHARLOTTE RUSSE, INC., ET AL. | | |

In its notice of non-opposition, Unicolors argues that "both sides should bear their own costs and fees." Dkt. No. 30 at 4. With regard to costs, movants correctly point out that in federal court, unless a federal statute or Federal Rule of Civil Procedure provides otherwise, costs are generally "allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Defendants are directed to follow Local Rule 54 in making any application to tax costs; Unicolors is directed to follow the Local Rules in filing any objections to such an application. Unicolors' request for a denial of attorneys' fees is premature, as no motion for attorneys' fees has been filed. See Fed. R. Civ. P. 54(d)(2)(A) ("A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."). The Copyright Act provides that a district court may, in its discretion, award reasonable attorneys' fees to the prevailing party in an infringement action. 17 U.S.C. § 505; see Love v. Associated Newspapers, Ltd., 611 F.3d 601, 614 (9th Cir. 2010) (listing nonexclusive factors to be considered by a district court deciding whether to award attorneys' fees under the Copyright Act). If movants file a motion for attorneys' fees after judgment is entered in its favor, the Court will decide on a complete record whether such an award is justified in this case.

## IV.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** the motion for summary judgment in its entirety. To the extent Unicolors requests an order denying costs or attorneys' fees, those requests are denied without prejudice.

IT IS SO ORDERED.

|  | 00 | : | 04 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

comply with the Local Rules in all future proceedings, Unicolors does not argue that the purported violations of those rules should have any effect on the outcome of the instant motion.